IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTRELL T. KNIGHT,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>               Defendant. | **8:26CV135**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a "Notice of Removal" filed by Plaintiff Cotrell T. Knight ("Plaintiff"), which the Court docketed as a civil rights complaint (the "Complaint"). Filing No. 1. For the reasons that follow, the Court will permit the Complaint to be filed without the payment of fees and will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I.  PRELIMINARY ISSUES

When he filed his complaint, Plaintiff failed to include the $405.00 filing and administrative fees nor did he seek leave to proceed in forma pauperis. However, as it appears that Plaintiff may be attempting to remove his state criminal case to this Court, the Court concludes Plaintiff should be relieved from paying the filing fee in this instance. *See Kyles v. Nebraska*, No. 8:22CV290, 2022 WL 3597765, at *1 (D. Neb. Aug. 23, 2022) ("A filing fee is not required for the removal of a state criminal prosecution to federal court.") (citing *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964)). Accordingly, Plaintiff is relieved from paying the filing fee, and the Court will review his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II.  SUMMARY OF COMPLAINT

Plaintiff's Complaint consists of a six-page typed document captioned "Notice of Removal" and indicates Plaintiff seeks to remove two cases from the District Court of Douglas County, Nebraska—Case Nos. CR26-1027 and CR26-1028 (collectively the "Criminal Cases")—to this Court pursuant to 28 U.S.C. § 1443.   Filing No. 1 at 1. Plaintiff alleges the Criminal Cases "arise from a December 5th, 2025, false allegation of a first offense DUI case docketed under CR25-20735" in which the State of Nebraska and various City of Omaha and Douglas County officials "used the Nebraska 24/7 Sobriety Program [codified under Neb. Rev. Stat. § 60-704] to contract, recapture, and hold Cotrell T. Knight hostage in interstate commerce as 'fugitive slave.'"  Id. at 2–3 (punctuation altered).   Plaintiff alleges that Douglas County Court Judge Sheryl L. Lohaus imposed a $3000.00 sanction against Plaintiff on February 20, 2026, "under County Court Case No. [CR25-20729] bound over to the District Court of Douglas County, Nebraska under [Case No. CR26-1027]," and that sanction "shows evidence of the plaintiff STATE OF NEBRASKA enforcing slavery's sanctions within the United States." Id. at 4 (brackets in original).

A search of Plaintiff's state court records, available to this Court online, does not return any results for Case No. CR26-1027 but rather only a remark that case information may not be available because of state law and sealed records are not publicly available, which strongly suggests the case against Plaintiff was dismissed as Nebraska criminal cases ending in dismissal are sealed under state law.[1]  However, his

---

[1] See Neb. Rev. Stat. § 29-3523(3)(c) ("[I]n the case of an arrest, citation in lieu of arrest, or referral for prosecution without citation, all criminal history record information relating to the case shall be removed from the public record as follows: . . . (c) When charges are filed, but the case is dismissed by the court (i) on motion of the prosecuting attorney, . . . (iii) after acquittal, . . . [or under other specified circumstances],

state court records do show that Plaintiff entered a no contest plea to the sole count of possession of a controlled substance, a Class IV felony, in Case No. CR26-1028 on April 23, 2026, and was sentenced to seventy-five days in the Douglas County Correctional Center ("DCCC") with credit for time served of forty-two days.[2]  The DCCC's online inmate records show that Plaintiff is no longer in custody there.  *See* https://corrections.dccorr.com/inmate-locator (last visited May 28, 2026).

## II.  DISCUSSION

The Court liberally construes Plaintiff's Notice of Removal as being brought pursuant to 28 U.S.C. §§ 1443 and 1455.  A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1455(a).  In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  28 U.S.C. § 1455(b)(1).  Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

---

the criminal history record information shall not be part of the public record immediately . . . after the entry of an order dismissing the case.").

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts.  The Court takes judicial notice of the state court records related to this case in *State v. Cotrell T Knight*, Case No. CR26-1028, District Court of Douglas County, Nebraska.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).  Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

While Plaintiff alleges his removal is timely, the Court finds removal is improper under 28 U.S.C. § 1443 and, in any case, his request for removal of the Criminal Cases is now moot.

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." Conrad v. Robinson, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing Johnson v. Mississippi, 421 U.S. 213, 219 (1975)).

Here, Plaintiff seems to allege in vague, conclusory fashion that the State of Nebraska subjected him to the Nebraska 24/7 Sobriety Program as part of his criminal charge for first offense DUI in a separate case and used that program to "recapture" Plaintiff and hold him "hostage in interstate commerce as 'fugitive slave.'" Filing No. 1 at

4

3. Plaintiff's allegations are completely conclusory, lacking in factual context, and fail to demonstrate that Plaintiff has been denied any civil rights on racial grounds or under a federal equal-rights law.  Nothing in Plaintiff's Complaint suggests that removal of his Criminal Cases is appropriate.  Thus, to the extent Plaintiff is requesting removal of his state Criminal Cases to this Court, this matter is summarily remanded to the District Court of Douglas County, Nebraska, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  28 U.S.C. § 1455(b)(4).

Moreover, because Plaintiff entered a plea in CR26-1028 and has completed his sentence and, by all appearances, the charges against Plaintiff in CR26-1027 have been dismissed, there are no pending Criminal Cases to remove to this Court and Plaintiff's request to remove the Criminal Cases is moot.

Finally, to the extent Plaintiff's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to set forth any plausible factual allegations suggesting a violation of Plaintiff's constitutional rights.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

IT IS THEREFORE ORDERED:

1.      The Complaint shall be filed without prepayment of fees.

5

2.      To the extent Plaintiff's Notice of Removal may be construed as a civil complaint, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3.      To the extent Plaintiff is requesting removal of his state Criminal Cases to this Court, his request is denied, and this case is remanded to the District Court of Douglas County, Nebraska.

4.      Judgment shall be entered by separate document and the Clerk of the Court shall close this file for statistical purposes.

5.      The Clerk of the Court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the District Court of Douglas County, Nebraska.

6.      The pending "Motion to Intervene as a Right," Filing No. 4, filed by non-party Phyllis M. Knight is denied as moot.

Dated this 4th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge