IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTRELL T. KNIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Defendant. | **8:26CV135**<br><br>**MEMORANDUM AND ORDER** |

This closed case is before the Court on non-party Phyllis M. Knight's ("Knight") "Motion to Reopen and Restore Case to the Active Calendar to Resolve the Jurisdictional Question" brought pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion"). Filing No. 7. For the reasons that follow, the Court will deny Knight's Motion.

Knight seeks relief from the Court's June 4, 2026, Memorandum and Order dismissing Plaintiff Cotrell T. Knight's ("Plaintiff") Complaint, which sought to remove two state criminal cases, and denying Knight's "Motion to Intervene as a Right" (the "Motion to Intervene"), Filing No. 4, as moot. Filing No. 5. The Court specifically found that Plaintiff's purported removal was improper and, in any case, his request for removal had been rendered moot "because Plaintiff entered a plea in CR26-1028 and has completed his sentence and, by all appearances, the charges against Plaintiff in CR26-1027 have been dismissed." Filing No. 5 at 5. Knight, who is "the parent, guardian, and the real party in interest to the 'out-of-state' Plaintiff Cotrell T. Knight," now asserts she sought "individual relief that the original plaintiff did not request" in her Motion to Intervene and that the Court erred in denying the Motion to Intervene as moot. Filing No. 7 at 4. As the Court understands it, Knight argues the state court could not enter a conviction in

Plaintiff's criminal case, CR26-1028, when the criminal case had been "validly removed" and "transfer[red] exclusive jurisdiction to the federal court[ so] that state court had no authority to convict Plaintiff Cotrell T. Knight of possession of a controlled substance, a Class IV felony, in Case No. CR26-1028 on April 23, and sentence" him.

First, as the Court stated in the June 4 order, Plaintiff's purported removal of his criminal cases was not proper, and Plaintiff chose to enter a plea in CR26-1028 while this matter was pending and effectively rendered his Complaint and Notice of Removal in this Court moot. *See* Filing No. 5. In any case, Knight, as a non-party, does not have standing to complain about any alleged error in the Court's remand of Plaintiff's Notice of Removal.

Contrary to her assertion, Knight does not seek any relief on her own behalf but rather seeks only to vindicate Plaintiff's rights. Knight is not an attorney licensed to practice in this Court. While pro se individuals have an absolute right to represent themselves, pro se parties may not represent the interests of other parties. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also* *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others") (citations omitted); *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself." (referencing 28 U.S.C. § 1654)). This holds true even when the pro se individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children); *see also* *Nunley v. Erdmann*, No. C14-4016,

2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) ("While there are some situations in which parents may bring *pro se* claims on behalf of their children—such as an application for Social Security benefits—'no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law.'" (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir.2010))).

In short, Knight is not entitled to seek any relief in this action on Plaintiff's behalf. The Court previously has warned Knight that she may not litigate on behalf of Plaintiff, and, on June 3, 2026, the Court prohibited Knight from filing any future pro se non-habeas civil cases in this Court on behalf of Plaintiff without first seeking leave of court to do so. *Knight v. City of Omaha*, No. 8:26CV32, 2026 WL 1587337, at *2–*3 (D. Neb. June 3, 2026). Knight is admonished to refrain from filing any further actions in contravention of these filing restrictions.

IT IS THEREFORE ORDERED that: Plaintiff's Motion, Filing No. 7, is denied.

Dated this 24th day of November, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge